IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                         RESPONDENT

v.                                    No. 1:11-cr-10021
                                      No. 1:13-cv-1025

FELCIA EVANS                                                                            MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 25 and 31) filed herein by **FELCIA EVANS**, (hereinafter referred to as "Evans") an inmate confined at the Danbury Federal Correctional Institution, Danbury, Connecticut. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 33. The Court has considered the entire record and the matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 25 and 31) be **DENIED**.

**1. Procedural Background**:

On June 29, 2011, Evans was named in a seven-count Indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 1. Count One of the Indictment charged Evans with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine Counts Two through Six charged Evans with distributing methamphetamine. Count Seven charged Evans with being a felon in possession of a firearm. Evans appeared for

arraignment on July 20, 2011. Mr. Bill McLean was appointed as her counsel. Evans entered not guilty pleas as to each count of the Indictment. ECF No. 5. A jury trial was scheduled for September 14, 2011. ECF No. 8 and 9. The trial date was later continued, on Evans's motion, to November 14, 2011. ECF No. 12.

On November 1, 2011, Evans appeared with counsel before United States District Judge Harry Barnes and entered a plea of guilty to Count One of the Indictment, conspiracy to distribute more than 500 grams of methamphetamine. ECF No. 14. Evans and the Government entered a Plea Agreement and submitted same to the Court. ECF No. 15. The Plea Agreement contained a stipulation the most readily provable amount of drugs Evans should be held accountable for is at least 15 kilograms of methamphetamine. ECF No. 15, ¶ 9. The Plea Agreement also set out the statutory sentencing range as not less than 10 years imprisonment nor more than life imprisonment. ECF No. 15, ¶ 10. The Plea Agreement specifically notified Evans the United States Sentencing Guidelines ("USSG") were advisory rather than mandatory and that there was no promise of any specific sentence being imposed. ECF No. 15, ¶¶ 14-15. Finally, the Plea Agreement notified Evans the Government would be able to introduce evidence of any relevant information at sentencing, and the Court would be "permitted to consider" any such evidence. ECF No. 15, ¶ 16.

Following the change of plea, Judge Barnes ordered the United States Probation Office to prepare a Pre-Sentence Report ("PSR") prior to sentencing. Sentencing was set for May 11, 2012 and later continued to September 17, 2012. The United States Probation Office prepared a PSR. ECF No. 22 (filed under seal). Evans, through counsel, had previously filed a Motion relating to her sentencing. ECF No. 17. The Government filed a sealed motion relating to sentencing on August 30, 2012. ECF No. 19.

On September 17, 2012, Evans appeared before Judge Barnes for sentencing. ECF No. 21. Neither Evans or the Government filed objections to the PSR. The PSR found Evans's base offense level to be 38 pursuant to USSG § 2D1.1(c)(1). ECF No. 22 ¶ 15. The PSR also increased her base offense level by 2 levels for maintaining a premises for the purpose of manufacturing or distributing controlled substances pursuant to USSG § 2D1.1(b)(12). ECF No. 22 ¶ 16. Evans received a 3-level reduction for acceptance of responsibility, which resulted in a total offense level 37. ECF No. 22 ¶ 21-23. The PSR calculated Evans's criminal history category as III. ECF No. 22 ¶ 31. This resulted in an USSG range of 262-327 months imprisonment. ECF No. 22 ¶ 52.

Judge Barnes denied Evans's Motion relating to sentencing. The Court granted the Government's sealed Motion regarding sentencing and gave Evans a 3-level reduction in her total offense level pursuant to USSG § 5K1.1. This reduced the USSG range to 188-235 months imprisonment. Judge Barnes then imposed a sentence of 188 months imprisonment, 5 years supervised release, and a $100.00 special assessment. ECF No. 23. Counts Two through Seven were dismissed on Government's motion. Evans did not appeal.

**2. Instant Petition**:

Evans filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on March 18, 2013.[1]  ECF No. 25. The Court directed a response, and the Government filed its Response on January 15, 2014. ECF No. 33. In her Motion, Evans claims the recent United States Supreme Court decision in *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151 (2013)

---

[1] Evans actually filed a notice seeking assistance in filing the § 2255 motion on March 18, 2013. Her actual Motion was filed on November 19, 2013, pursuant to the Order of this Court. ECF No. 30. While the November 19, 2013 filing was after the Court imposed deadline, this Court will accept same as timely filed.

mandates she be re-sentenced because the 2-level enhancement she received for maintaining a premises for the purpose of manufacturing or distributing controlled substances was not charged in the Indictment. Evans also takes issue with receiving one criminal history point for a shoplifting less than $25 conviction. The Respondent asserts *Alleyne* does not apply retroactively and the Motion should be denied. This matter is now ready for decision.

**3. Discussion**:

As an initial matter, a § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

As noted above, Evans now claims *Alleyne* mandates re-sentencing in her case because the 2-level enhancement to her total offense level for maintaining a drug premises was not charged in the indictment. *Alleyne* was a direct appeal of a criminal conviction. In that case, the defendant was convicted of robbery affecting commerce and use of firearm during and in relation to crime of violence. Following a conviction by a jury, the defendant was sentenced to 130 months' imprisonment. Defendant appealed and the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. The jury indicated on the verdict form that Alleyne had "[u]sed or carried a firearm during and in relation to a crime of violence" but did not indicate a finding that the firearm was "[b]randished." *Alleyne*, 133 S. Ct. at 2156. The pre-sentence report recommended seven year sentence reflecting the mandatory minimum sentence for cases in which a firearm has been "brandished," rather than a five year mandatory minimum sentence for "using or carrying" a firearm. *See id.* at 2156. The district court overruled the defendant's objection to this

and explained that "brandishing" was a sentencing factor it could find by a preponderance of the evidence. Defendant was then sentenced to seven years on this count. *See id.*

The Court stated "The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne*, 133 S. Ct. at 2158. The Court further stated *"*Facts that increase the *mandatory minimum sentence* are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.*(emphasis added). *Alleyne* specifically overruled *Harris v. United States*, 536 U.S. 545 (2002), holding:

> Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights.

*Alleyne v. United States*, ____ U.S. ____, 133 S. Ct. 2151, 2163-64 (2013). *Alleyne* essentially applies the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") to the applicable statutory minimum sentence. Now the law is clear, based on *Alleyne* and *Apprendi*, any fact that changes the statutory range of punishment must be proven to a jury beyond a reasonable doubt.

As noted, the decision in *Alleyne* is a new rule of constitutional law, overruling a prior decision of the Supreme Court. Generally, new constitutional rules are not applied retroactively to cases on collateral review, such as this one. *See Teague v. Lane*, 489 U.S. 288, 303 (1989). There are two exceptions to the *Teague* retroactivity rule. First, a new rule which places certain kinds of individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise

prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense will be applied retroactively on collateral review. *See Caspari v. Bohlen*, 510 U.S. 383, 396 (1994) Second, a new rule which announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding will be applied retroactively. *See id.*

*Alleyne* does not fall within either of foregoing exceptions. Therefore, it cannot be applied retroactively unless it is specifically made retroactive to collateral proceedings, such as § 2255 proceedings, by the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). The Supreme Court has not applied *Alleyne* retroactively. The United States Court of Appeals for the Eighth Circuit has discussed Alleyne on several occasions, but has not found it should be retroactively applicable. *See e.g. United States v. Lara-Ruiz*, 721 F.3d 554, 557 (8th Cir. 2013)( fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense.); *United States v. Abrahamson*, 731 F.3d 751 (8th Cir. 2013)(increased statutory minimum as result of prior drug conviction not required to be submitted to the jury). The Eighth Circuit has discussed the retroactive effect of *Apprendi* and determined the rule announced there would not be retroactively applied by the Supreme Court. *See United States v. Moss*, 252 F.3d 993, 999-1000 (8th Cir. 2001).

At least one Court of Appeals has discussed the issue of retroactive application of *Alleyne*, and determined the Supreme Court is not likely to apply this new rule retroactively. The Seventh Circuit has held recently:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be

> retroactive. But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) . . . .

*Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013)(citations omitted).

    **a. Two-level increase for maintaining a drug premises**: As shown above, the rule from Alleyne is not retroactively applicable in a § 2255 proceeding such as this one. Evans's Motion should be denied for this reason alone.

    Even if the Court were to consider *Alleyne* as retroactively applicable, Evans's claim the two-level increase to her total offense level for maintaining a drug premises by the Court should have been submitted to a jury and found beyond a reasonable doubt before being used to increase her sentence would fail. *Alleyne* by its specific terms does not apply to sentencing guideline application, rather, it applies to *"*[f]acts that increase the *mandatory minimum sentence. . ."* *Alleyne*, 133 S. Ct. at 2158. "In the present advisory Guidelines regime, facts found at sentencing merely inform the judge's discretion; they do not increase the maximum sentence to which a defendant is otherwise exposed." *United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir.2009)

    Evans's mandatory minimum sentence was not less than 10 years imprisonment. This mandatory minimum was based on the conduct charged in Count One, conspiracy to distribute more than 500 grams of methamphetamine. Evans stipulated in the Plea Agreement to relevant conduct of 15 kilograms of methamphetamine. Judge Barnes properly applied the mandatory minimum sentence of 10 years in her case. At sentencing, the Court found Evans had maintained a drug premises and added two levels to her total offense score when making its calculations under the advisory USSG. Her ultimate sentence was within the properly pled and proven statutory range.

This sentencing would not have violated the rule of *Alleyne*, even if it were applicable here.

    **b. One-point increase in criminal history category**: Again, *Alleyne* has not been ruled retroactively applicable. Even if it were, Evans's second claim that she should not have been awarded one-point in the criminal history calculation for a misdemeanor theft conviction would fail. She states this prior conviction should not have been used to place her in a higher sentencing range without it being considered in the Plea Agreement, "as it has a bearing on her liberty." To the extent Evans claims *Alleyne* prevents consideration of uncharged prior offenses in sentencing her claim fails. "*Alleyne's* statement that facts increasing a mandatory minimum sentence are elements to be submitted to the jury, did not overrule the Court's prior holding, that a prior conviction is not an element of an offense." *United States v. Rucker*, 12-2837, 2013 WL 5926125 (8th Cir. Nov. 6, 2013)(citations omitted).

    To the extent Evans claims the Court improperly applied USSG § 4A1.1(c), a review of the that provision shows her claim to be without basis as well. Section 4A1.2 (c)(1) and (2) provide exceptions for certain prior sentences which should not be counted in the criminal history calculation. Evans's prior conviction for misdemeanor shoplifting is not one of the excluded offenses. Judge Barnes's criminal history calculation was correct. This claim should be denied.

    Based on the foregoing the Court also concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief she seeks.[2]

---

[2] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and dismissed.  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **29th day of January 2014.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE